United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE RAFAEL MORENO HERNANDEZ,
Plaintiff,

v.

CITY COLLEGE OF SAN FRANCISCO, et al.,
Defendants.

Case No. 26-cv-03242-JST

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

Re: ECF No. 24, 25

Before the Court are motions to dismiss brought by Defendant City College of San Francisco ("CCSF"), ECF No. 24, and Defendants Amy Coffey and Maria Salazar-Colon, ECF No. 25 The Court will grant the motions in part and deny them in part.

## I. BACKGROUND

Representing himself, Plaintiff Jose Rafael Moreno Hernandez filed this case to challenge his suspension from CCSF. He alleges that Defendants "subject[ed] [him] to a biased 30-minute sham disciplinary hearing" at which Coffey and Salazar-Colon, two CCSF employees, "aggressively interrogated [him,] explicitly refused to ask for or receive [his] exculpatory evidence (including text messages), and unlawfully suspended [him]." ECF No. 1 at 5. The suspension allegedly blocked him from his classes and access to the campus ombudsperson, *id.*, and prevented him from accessing on-campus mental health services, *id.* at 14.

According to documents Moreno Hernandez attached to the complaint, he was placed on immediate interim suspension on April 7, 2026, for violating provisions of CCSF's Code of Student Conduct. The notice stated:

> It was reported that you have repeatedly asked a classmate to go out with you, and after she made it clear she was not interested in you, you began to stalk and intimidate her. It was reported that you have

> regularly followed her to the parking lot after class, and that on March 24, 2026, you followed her to her car, physically blocked her from driving away, and confronted her. She reported that you were upset that she had blocked you on Instagram and continued to harass her while preventing her from driving away, about going out with you.

*Id.* at 23. Moreno Hernandez met with CCSF's Office of Student Conduct and Discipline on April 9, 2026, and, on April 15, 2026, was suspended effective April 15, 2026, through December 23, 2026. The suspension letter described the meeting as follows:

> At our meeting you told us that you thought you were friends with the victim and initially denied following her to her car. When we informed you that CCSF District Police have video footage of the incident, you then did admit that this did occur but that you moved after the victim told you to. At our meeting you took no responsibility for your actions and did not seem to understand how your behavior made the victim feel. You expressed to us that you wanted us to "just issue a no-contact order" so that you can move on. Our decision is based on all of the evidence available to us, including police reports and victim and witness statements.

*Id.* at 26.

Moreno Hernandez used a form complaint to file this case. Under the heading of "First Claim," he seeks relief for violation of his Fourteenth Amendment due process rights under 42 U.S.C. § 1983. *Id.* at 5. The complaint lists no other "claims." However, Moreno Hernandez alleges that Defendants violated his rights under Title II of the Americans with Disabilities Act ("ADA"), *id.* at 2,5, 7, 13–15, and the Court construes the complaint as asserting such a claim.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual

allegations need not be detailed, but they must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

## IV. DISCUSSION

### A. Rule 8

Defendants seek dismissal of the complaint under Rule 8, which requires "[e]ach allegation [to] be simple, concise, and direct." Fed. R. Civ. P. 8(d). They argue that the complaint is "incomprehensible, confusing, and rambling." ECF No. 24-1 at 9; ECF No. 25-1 at 11. However, both the Court and Defendants were able to discern two claims from Moreno Hernandez's complaint: violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983 and violation of Title II of the ADA, both based on his suspension from CCSF. Moreno Hernandez's opposition to the motions to dismiss confirmed that these are the claims he seeks to bring. ECF No. 27 at 3–4. The Court does not find the complaint to be so "needlessly long . . . or highly repetitious, or confused, or consist[ing] of incomprehensible rambling" as to violate Rule 8. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation modified).

### B. Noerr-Pennington Immunity

Defendants also argue that all claims against them are barred by the *Noerr-Pennington* doctrine, which "is a rule of statutory construction that requires courts to construe statutes to avoid burdening conduct that implicates the protections of the Petition Clause of the First Amendment. That clause protects the right of the people to petition the government for a redress of grievances." *Relevant Grp., LLC v. Nourmand*, 116 F.4th 917, 927 (9th Cir. 2024). The doctrine "immunizes

petitions directed at any branch of government, including the executive, legislative, judicial and administrative agencies." *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000). Although it "arose in the antitrust context," it has since been applied "outside the antitrust field," *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929–30 (9th Cir. 2006), including "to claims under 42 U.S.C. § 1983 that are based on the petitioning of public authorities," *Manistee*, 227 F.3d at 1092.

However, Defendants have not identified any petitioning activity for which Moreno Hernandez seeks to hold them liable. Nor does the complaint involve allegations that Defendants sought relief from any branch of government. Consequently, the *Noerr-Pennington* doctrine does not bar Moreno Hernandez's claims.

**C. Section 1983 Due Process**

Moreno Hernandez does not oppose dismissal of his Section 1983 claim against CCSF or against Coffey and Salazar-Colon in their official capacities. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010) ("California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding that neither arms of the state nor "officials acting in their official capacities are 'persons' under § 1983"). The claim is dismissed as to these Defendants without leave to amend.

He correctly argues that, under *Hafer v. Melo*, 502 U.S. 21, 31 (1991), Coffey and Salazar-Colon may be sued for money damages under Section 1983 in their individual capacities, but the Court concludes that Coffey and Salazar-Colon are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation modified). "To be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. While there need not be a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (citation modified).

In this case, Moreno Hernandez cites no authority that the alleged actions by Coffey and Salazar-Colon violated his due process rights, let alone any authority that clearly established any such violation. To the contrary, as one court in this district concluded in a case that was affirmed by the Ninth Circuit:

> After careful review of this case law, the Court concludes that plaintiff has not met her burden to show that at the time of the Title IX investigation, she had a clearly established property or liberty interest in her continued enrollment at Sonoma State. There are no binding Supreme Court or Ninth Circuit cases establishing such a right, and a number of district courts within the Ninth Circuit have recognized that there is a dearth of case law on the subject, with several recent decisions finding school officials entitled to qualified immunity. Looking outside the Ninth Circuit, there is no robust consensus holding that students have a protected property or liberty interest in continued enrollment in higher education at a public college or university. . . . In order to deny defendants' claim of qualified immunity, existing precedent must have placed the statutory or constitutional question beyond debate. The Court finds that the unsettled nature of the law in this area does not meet this standard, and accordingly the Court GRANTS defendants' motion to dismiss on qualified immunity grounds.

*Doe v. White*, 440 F. Supp. 3d 1074, 1089 (N.D. Cal. 2020), *aff'd*, 859 F. App'x 76 (9th Cir. 2021). More recently, although the Ninth Circuit has decided that a person has a property interest in a degree that has already been conferred to them, it declined to decide whether a university student "has a property interest in re-enrollment." *Dudley v. Boise State Univ.*, 152 F.4th 981, 991–93 (9th Cir. 2025). Because there remains no settled law regarding whether a higher-education student has a property interest in continued enrollment, the Court dismisses Moreno Hernandez's Section 1983 damages claim against Coffey and Salazar-Colon on grounds of qualified immunity. The Court does not grant leave to amend because no additional factual allegations could cure this deficiency.

**D. ADA Title II**

To prevail on a claim under Title II of the ADA, 42 U.S.C. § 12132, a plaintiff must establish three elements: (1) that they are a "qualified individual with a disability" who (2) "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and "(3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*,

260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. To recover damages, the plaintiff must also "prove intentional discrimination on the part of the defendant" under a "deliberate indifference standard," which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1138–39.

Although the complaint refers to Moreno Hernandez's use of on-campus mental health services, it does not allege that Defendants took any actions based on his use of those services. Nor does Moreno Hernandez allege any "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102 (defining "disability"). Consequently, Moreno Hernandez has not stated a claim under Title II of the ADA. The Court will grant leave to amend, except that Moreno Hernandez may not bring this claim against Coffey or Salazar-Colon in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("hold[ing] that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act" because such a claim "is barred by the comprehensive remedial scheme of those Acts"). Nor may he seek punitive damages, which are unavailable under Title II. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

**CONCLUSION**

For the above reasons, Defendants' motions to dismiss are granted in part and denied in part. Moreno Hernandez's due process claim under 42 U.S.C. § 1983 is dismissed without leave to amend. His claim under Title II of the ADA is dismissed with leave to amend, except as to Defendants Coffey and Salazar-Colon in their individual capacities and to the extent he seeks punitive damages.

Moreno Hernandez may file an amended complaint no later than 28 days from the date of this order, solely to correct the deficiencies identified above. He may not add new defendants or claims for relief. Failure to file a timely amended complaint will result in dismissal of this case with prejudice.

The Court reminds Moreno Hernandez that he may wish to consult the resources available on the Court's website, https://cand.uscourts.gov/pro-se, for people who are representing

United States District Court
Northern District of California

themselves without a lawyer. He may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: September 17, 2026

JON S. TIGAR
United States District Judge